IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CHRISTOPHER SMITH,** on behalf of himself and all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| **ACE HARDWARE CORPORATION,** | ) ) ) |
| Defendant. | ) |

Case No. 1:23-cv-1038

## CLASS ACTION COMPLAINT

NOW COMES the plaintiff, CHRISTOPHER SMITH ("Plaintiff"), by and through his attorneys, SMITHMARCO, P.C., suing on behalf of himself and all others similarly situated, and for his Class Complaint against the defendant, ACE HARDWARE CORPORATION ("Defendant"), Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is a consumer class action for actual and statutory damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

2. This consumer class action is brought by Plaintiff on his behalf and behalf of consumers throughout the country who applied for employment with Defendant. Plaintiff alleges that Defendant systematically violates the FCRA, section 1681b(b)(3), by using a consumer report to make an "adverse" employment decision without providing the person who is the subject of the report a copy of the report, a summary of rights under the FCRA, or a sufficient amount of time before adverse action is taken.

3. The FCRA was enacted "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4) (emphasis added), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate. 15 U.S.C. § 1681(b). Congress included in the statutory scheme a series of due-process-like protections that impose strict procedural rules on "users" of "consumer reports" such as Defendant. This action involves Defendant's systematic violation of several of those important rules.

## II. JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331 and 1337.

5. Venue is properly in this District, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District, and because Defendant resides in this District within the meaning of 28 U.S.C. § 1391(c).

## III. PARTIES

6. Plaintiff, CHRISTOPHER SMITH is an adult individual and citizen of the Florida who resides at 953 Augusta St., Lakeland, Florida.

7. Defendant, ACE HARDWARE CORPORATION ("Ace"), is a business entity that operates as a hardware store chain that has over 4,000 hardware stores around the United States. Defendant also maintains an online sales presence where consumers can shop for hardware or other home improvement goods. Defendant employs tens of thousands of people in its stores, warehouses, distributions centers, and corporate offices. Ace is headquartered in Oakbrook, Illinois.

## IV.     FACTUAL ALLEGATIONS

8.     On or about February 18, 2022, Plaintiff applied to Defendant for a position of employment.

9.     As part of its employment application process, Defendant requires potential employees such as Plaintiff to submit to a background check wherein information pertaining to character, general reputation, personal characteristics and/or mode of living are reviewed and used to determine, together with other factors, whether to hire an applicant.

10.     Plaintiff was offered employment with Ace in one of its warehouses, contingent upon him passing a background check, with his employment scheduled to begin on March 3, 2022.

11.     On or about February 18, 2022, in conducting a background check of Plaintiff, Defendant obtained from Sterling Infosystems, Inc., ("Sterling") a consumer report, as that term is defined by 15 U.S.C. §1681a(d), regarding Plaintiff.

12.     Said consumer report was to be used by Defendant to assist in determining Plaintiff's fitness for the position applied for, and to assist it in determining whether to hire Plaintiff for a position of employment.

13.     After receiving and reviewing the consumer report it obtained regarding Plaintiff, Defendant intended to deny Plaintiff the employment opportunity based in whole or in part on the aforesaid consumer report.

14.     Plaintiff contacted Defendant to ask about the status of his background check was informed by a duly authorized representative of Ace that it was rescinding Plaintiff's job offer due to information contained on the background report it had procured about from Sterling about Plaintiff.

15. The consumer report Defendant procured from Sterling about Plaintiff improperly and inaccurately included criminal convictions regarding crimes that had not been committed by Plaintiff.

16. Section 1681b(b)(3) of the FCRA requires that "in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates" a copy of the report and a written description of the consumer's rights under the FCRA. 15 U.S.C. 1681b(b)(3)(A)(i), (ii).

17. In connection with Plaintiff's application for employment, Defendant was "a person intending to take" adverse action within the meaning of the statute.

18. Defendant did not provide to Plaintiff a copy of the consumer report or a written statement of his rights under the FCRA.

19. Defendant's practices and procedures described herein affected not only the Plaintiff but also other applicants for employment against whom adverse action has been taken.

20. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

21. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

22. Defendant's conduct as delineated above was willful and a reckless disregard for the law and the rights of the Plaintiff.

23. As a result of Defendant's conduct, as delineated above, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the Defendant's review of his personal information and an injury to his reputation, and Defendant's failure to provide Plaintiff the requisite disclosures and an opportunity to spare his good name and obtain meaningful employment. Furthermore, Plaintiff will continue to suffer the same harm for an indefinite time in the future, all to Plaintiff's great detriment and loss.

24. In conducting a background check and obtaining a consumer report on Plaintiff for purposes of employment, Defendant violated the FCRA in one or more of the following ways:

   a. Failed to provide Plaintiff with a copy of the report procured for employment purposes prior to taking any adverse action against the Plaintiff in violation of 15 U.S.C. §1681b(b)(3)(A)(i);

   b. Failed to provide the Plaintiff, prior to taking any adverse action against the Plaintiff, with a description in writing of the rights of Plaintiff under the Fair Credit Reporting Act in violation of 15 U.S.C. §1681b(b)(3)(A)(ii);

   c. Otherwise negligently and willfully violated the Fair Credit Reporting Act.

## V. CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of the following Class:

> All natural persons residing in the United States who beginning five (5) years prior to the filing of this Complaint and continuing through the conclusion of this action, (i) applied for employment with Defendant, (ii) were the subject of a consumer report obtained and used by Defendant for employment purposes, (iii) were the subject of an adverse employment action by Defendant, and (iv) were not provided with pre-adverse action notice, a copy of the report, and/or a written summary of their rights under the FCRA prior to Defendant taking adverse action.

26. Plaintiff reserves the right to amend the definition of the Class based on discovery and/or legal developments.

27. **Numerosity. Fed. R. Civ. P. 23(a)(1).** The Class is so numerous that joinder of all members is impracticable. Although the number of Class members is currently known only to Defendant, the number of Class members is likely in the hundreds, if not thousands, of individuals given that Defendant is a business that utilizes common practices and procedures for screening job applicants and has more than 4,000 stores nationwide, plus warehouses, distribution centers, and corporate offices.

28. **Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class and predominate over the questions affecting only individual members. The common legal and factual questions include, among others, whether Defendant violated 15 U.S.C. § 1681b(b)(3) by failing to provide job applicants with pre-adverse action notices in compliance with the FCRA.

29. **Typicality. Fed. R. Civ. P. 23(a)(3)**. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

30. **Adequacy. Fed. R. Civ. P. 23(a)(4).** Plaintiff is an adequate representative of the Class because his interests are aligned with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of members of the Class.

31. **Predominance and Superiority. Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class individually to

redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

## VI.  CAUSE OF ACTION

## VIOLATION OF 15 U.S.C §1681b(b)(3)

32. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33. Plaintiff is a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c).

34. Defendant, Ace, is a "person" that regularly uses consumer reports for employment purposes.

35. The background or consumer reports that Defendant purchases regarding employment applicants are "consumer reports" within the meaning of 15 U.S.C. § 1681a(d).

36. The FCRA provides that any person "using a consumer report for employment purposes" who intends to take any "adverse action based in whole or in part on the report," must provide the consumer a written description of the consumer's rights under the FCRA, as prescribed by the Federal Trade Commission, before taking such adverse action. 15 U.S.C. § 1681b(b)(3)(A).

37. For purposes of this requirement, an "adverse action" includes "any . . . decision . . . that adversely affects any current or prospective employee." 15 U.S.C. § 1681a(k)(1)(B)(ii).

38. The FCRA requires Ace, as a user of consumer reports for employment purposes, before taking adverse action based in whole or in part on the report, to provide to the consumer to

whom the report relates, a copy of the report and a written description of the consumer's rights under the FCRA. 15 U.S.C. § 1681b(b)(3)(A)(i), (ii).

39. Ace willfully violated section 1681b(b)(3) of the FCRA by failing to provide to the consumer about whom the report relates a copy of the report and a written description of the consumer's rights under the FCRA a sufficient time before it took adverse action based in whole or in part on the consumer report.

## VII. JURY TRIAL DEMAND

40. Plaintiff demands trial by jury on all issues so triable.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CHRISTOPHER SMITH, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and the Class and against Defendant as follows:

a. That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

b. That judgment be entered against Defendant for statutory damages in the amount of not less than $100 and not more than $1,000 per violation per Class member, pursuant to 15 U.S.C. § 1681n(a);

c. That judgment be entered against Defendant for punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

d. That judgment be entered for actual damages for Plaintiff pursuant to 15 U.S.C. §§ 1681n(a)(1) and/or 1681o(a)(1);

e. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and/or o; and

f. That the Court grant such other and further relief as may be just and proper.

                                                                    Respectfully submitted,
                                                                    **CHRISTOPHER SMITH,**
                                                                    **On behalf of himself and**
                                                                    **all others similarly situated**

                                                  By:    s/ David M. Marco

Dated: February 21, 2023

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
5250 Old Orchard Road, Suite 300
Skokie, IL 60077
Telephone:    (312) 546-6539
Facsimile:     (888) 418-1277
E-Mail:        dmarco@smithmarco.com